UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:20-cv-00422-JAW |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) | |
| Defendant | ) | |

**PROCEDURAL ORDER**

On January 19, 2021, the Court directed the parties to file a report in which they (a) identified the issues in dispute in this case, and (b) proposed a schedule to govern the future course of the case. (Procedural Order, ECF No. 12)  In accordance with the order, the parties filed a joint status report. (Status Report, ECF No. 13.)  In the report, the parties identified the issues to be decided in the case, proposed a schedule to govern certain aspects of the case, and noted the scheduling issues on which the parties disagree.

The parties currently disagree as to whether Defendant has conducted an adequate search for the documents that are potentially responsive to Plaintiff's requests for documents under the Freedom of Information Act (FOIA).  Plaintiff maintains that there is no reason to delay resolution of the dispute as to the adequacy of the search and asks the Court to establish a schedule for the parties to brief the issue.  Defendant contends the appropriate time for the parties to brief and for the Court to address the adequacy issue and

any other production-related issues (e.g., exemptions) is following the completion of the production.

The central issue in this case is whether the production satisfies Defendant's obligation under FOIA. The adequacy of the search is one of several potential issues the Court will likely have to assess to determine whether Defendant complied with FOIA. While the Court recognizes that Plaintiff believes it is entitled to and should have already received all the requested documents, provided Defendant completes the production of the documents as scheduled by June 30, 2021, the Court is convinced that the interests of judicial economy militate in favor of addressing the parties' disputes regarding the sufficiency of Defendant's response to the FOIA request after the production is complete and Plaintiff has determined whether it challenges any other aspect of the production. If for any reason Defendant does not produce the documents in accordance with the schedule set forth herein, Plaintiff can ask the Court to revisit whether the Court should consider Plaintiff's challenge to the adequacy of the search before the production is complete.

Accordingly, following a review of the status report and after consideration of the parties' respective arguments regarding scheduling, the Court finds and orders:

1. Defendant shall produce documents responsive to Plaintiff's request for documents pursuant to FOIA as follows:

    a. 800 pages on or before February 28, 2021;

    b. 900 pages on or before March 31, 2021;

    c. 1600 pages on or before April 30, 2021;

    d. 1600 pages on or before June 1, 2021;[1] and

    e. 920 pages on or before June 30, 2021.

2. Defendant's production of the documents shall not be construed to establish that Plaintiff "substantially prevailed" in this litigation under either 5 U.S.C. § 522(E)(ii)(I) or 5 U.S.C. § 522(E)(ii)(II). Whether Plaintiff "substantially prevails" in this litigation remains an issue for resolution in this matter.

3. The Court will convene a telephonic conference with counsel during the week of July 12, 2021, to discuss a schedule to govern the future course of the case.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of March, 2021.

---

[1] The parties proposed that the fifth production be complete by May 31, 2021. Because May 31 is a holiday, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the deadline would extend to the next day.