UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF MAINE FOUNDATION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 2:20-cv-00422-JAW |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) | |
| Defendant | ) ) | |

## SUPPLEMENTAL RECOMMENDED DECISION ON MOTIONS FOR SUMMARY JUDGMENT

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff seeks disclosure of certain records concerning asylum applications processed by two of Defendant's regional offices.  (Complaint, ECF No. 1.)  The parties filed cross motions for summary judgment.  (Motions, ECF Nos. 32, 35.)  After consideration of the motions, I recommended the Court grant in part each party's motion and ordered Defendant to submit certain documents for in camera review regarding applicability of Exemption 7(E) of FOIA (5 U.S.C. § 552(b)(7)(E)).  (Recommended Decision, ECF No. 57.)

Following an in camera review of the documents, I recommend the Court grant partial summary judgment in favor of Plaintiff as to some of the submitted documents and grant partial summary judgment in favor of Defendant regarding other documents.

# DISCUSSION[1]

    a.    *Summaries of Fraud Issues, Burundi and Rwanda Fact Sheets (Bates Nos. 3765, 3940–43, 3944–45)*

The withheld portion of the summary of fraud issues describes certain trends at a high level of generality and does not appear to have a bearing on how Defendant adjudicates individual cases.  While the risk of circumvention of the law resulting from disclosure could be considered somewhat low, some individuals could tailor their applications to avoid falling into one of the identified trends and thus receive less scrutiny.  Defendant's redactions, therefore, were justified.  The withholding of portions of the Burundi and Rwanda fact sheets was also proper under Exemption 7(E) for similar reasons and because the documents include instruction as to questions to ask and measures to implement in response to certain documents or to an applicant's assertions.  *Knight First Amend. Inst. at Columbia Univ. v. United States Citizenship & Immigr. Servs.*, 30 F.4th 318, 331–33 (2d Cir. 2022) (set of questions used dynamically to identify connections to terrorist organizations were covered by Exemption 7(E) because disclosure would allow applicants to tailor answers to avoid detection, even though certain questions are regularly disclosed to individual applicants during their interviews).

---

[1] The Recommended Decision described the summary judgment record, the summary judgment legal standard, and the issues the parties raised regarding the documents.  The discussion is incorporated and not reiterated herein.

   b. *Credibility Determinations Training (Bates Nos. 4105–11, 4113, 4939–45, 4947)*

  I previously suggested that disclosure of the specific training examples from asylum applications and interviews where Defendant found a lack of credibility was warranted.  A review of the documents confirms that conclusion.  A review of the documents also reveals that disclosure would not reveal specific questioning techniques or question-related language of substantive importance similar to the information courts have recognized as protected by Exemption 7(E).  *Cf. Knight First Amend. Inst.* 30 F.4th at 331–33.  To the extent the documents touch on a strategy for questioning, the information is of a high level of generality and is evident from other disclosed documents such that disclosure would not reveal a new technique, procedure, or guideline and would present no plausible risk of circumvention of the law.  *See Rugiero v. U.S. Dep't of Just.*, 257 F.3d 534, 551 (6th Cir. 2001) (noting that Exemption 7(E) "only protects techniques and procedures not already well-known to the public").  The documents, therefore, are not within Exemption 7(E).

   c. *SPLIT/CREDIBILITY Totality of the Circumstances Training (Bates No. 4319)*

  A review of the document containing the name of a specific group does not suggest a reason to conclude the information would prompt a heightened scrutiny or reveal screening methods.  The risk of circumvention of the law is not apparent from the name, and Defendant's cited authority did not involve withholding the names of similar groups.  On this record, Exemption 7(E) does not support the redaction.

> d. *Effective Interviewing and Best Practices Training (Bates Nos. 4669, 4677–87)*

Defendant's withholding largely consists of information that is covered by Exemption 7(E), such as security check procedures and questions to ask and documents to collect based on certain circumstances. Pages 4680–83, however, include instructions for taking sworn statements and maintaining documents in the asylum file folders in Defendant's possession.  None of Defendant's cited authority supports withholding the pages, Defendant offers no persuasive argument as to how disclosure of the pages would create a risk of circumvention of the law, and no risk is apparent from a review of the records.  Defendant has failed to establish that Exemption 7(E) applies to pages 4680-83.

> e. *Assessment to Refer Forms (Bates Nos. 5868–69, 5876–77, 5880–81, 5905–07, 5959, 6053, 6065–67)*

Defendant withheld completed forms concerning credibility determinations from prior applications selected as examples to provide to asylum officers as part of the officers' training.  A review of the documents reveals that Exemption 7(E) does not cover the redactions.  The complete forms were selected to inform or instruct asylum officers how they should make credibility determinations when presented with certain fact patterns.  The information, therefore, is more analogous to instructive caselaw than it is to techniques, procedures, or guidelines for law enforcement investigations or prosecutions.

Defendant maintains that public knowledge of how Defendant decides whether an applicant is credible and entitled to benefits might allow applicants to circumvent the law. The public is already aware that applicants are often asked for details to support their assertions, and release of the redaction information would reveal little, if anything, beyond

that generic fact about asylum interviews.  The redacted information is mostly general and thus does not fall within Exemption 7(E).

Defendants cited both Exemption 6 and Exemption 7 as bases for the redaction of information from the Assessment to Refer Forms.  The determination that Exemption 7(E) does not apply to the information redacted from the Assessment to Refer Forms shall not be construed to require the disclosure of the information withheld pursuant to Exemption 6.

## CONCLUSION

Based on the foregoing analysis, in addition to the recommendations included in the original Recommended Decision, I recommend the Court: (1) grant summary judgment in favor of Plaintiff and order Defendant to disclose the information it withheld pursuant to 5 U.S.C. § 552(b)(7)(E) on pages 4105–11, 4113, 4939-45, 4947, 4319, 4680–83, 5868–69, 5876–5877, 5880–81, 5905–07, 5959, 6053, and 6065–6067 and; (2) grant summary judgment in favor of Defendant on the 5 U.S.C. § 552(b)(7)(E) redactions on pages 3765, 3940–43, 3944–45, 4669, 4677–79, and 4684–87.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2022.